William O'Brien (WO-5276)
Scott J. Pashman (SP-7620)
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, New York 10036-7798
Phone: (212) 479-6000
Fax: (212) 479-6275

OF COUNSEL:
Robert B. Lovett (to be admitted pro hac vice)
Meghan M. Hart (to be admitted pro hac vice)
The Prudential Tower
800 Boylston Street, 46th Floor
Boston, Massachusetts 02199
Phone: (617) 937-2300
Fax: (617) 937-2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------- X

3RD DIMENSION INC.,                          :

                Petitioner,           :    Case No. 07-CIV-9549 (NRB)
                                     ECF

    -against-                              :

JEREMY DeBONET and SKYWARD          :    **ANSWER TO PETITION FOR**
MOBILE, LLC,                                        **PRELIMINARY INJUNCTION**
                                 :    **IN AID OF ARBITRATION**

              Respondents.          :

                                 :

-------------------------------------- X

        Respondents Skyward Mobile, LLC (now known as Skyward Mobile, Inc.)

("Skyward Mobile") and Jeremy De Bonet ("De Bonet" and together, "Respondents"), by their

attorneys, Cooley Godward Kronish LLP, answer Petitioner's Petition For Preliminary

Injunction In Aid of Arbitration, dated October 15, 2007, as follows:

**THE PARTIES**

        1.      Deny knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations of Paragraph 1.

2.      Respondents deny the allegations in Paragraph 2, except state that De Bonet is the co-founder and Chief Executive Officer of Skyward Mobile; and state that Skyward is a Delaware corporation with its principal place of business at 130 New Boston Street, Suite 103, Woburn, Massachusetts 01801.  The remaining information – that the Petition refers to Respondents collectively as Respondents states conclusions to which no response is required.

## JURISDICTION AND VENUE

3.      Paragraph 3 calls for legal conclusions to which no response is required, except Respondents refer to a Confidentiality, Non-Circumvention and Non-Disclosure Agreement between Skyward, SkyMobilnet, Inc., and Petitioner dated May 1, 2006 ("Confidentiality Agreement") for a complete and accurate recitation of the contents thereof.

4.      Paragraph 4 calls for legal conclusions to which no response is required, except Respondents refer to the Work Order between Skyward Mobile, SkyMobilnet, Inc., and Petitioner dated May 1, 2006 ("Work Order") for a complete and accurate recitation of the contents thereof.

5.      Paragraph 5 calls for legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### The Work Order and Confidentiality Agreement

6.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 6, except state that Petitioner's website claims to offer a traffic cam application in certain areas.

7.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 7, except state that Petitioner's website claims to offer a traffic cam application in certain areas.

8.      Deny the allegations of Paragraph 8.

9.      Deny the allegations of Paragraph 9, except refer to the Work Order for a complete and accurate recitation of the contents thereof.

10.      Deny the allegations of Paragraph 10, except refer to the Work Order for a complete and accurate recitation of the contents thereof.

11.      Deny the allegations of Paragraph 11, except state that Skyward Mobile, SkyMobilnet, Inc., and Petitioner entered into the Confidentiality Agreement on or about May 1, 2006, and refer to the Confidentiality Agreement for a complete and accurate recitation of the contents thereof.

12.      Deny the allegations of Paragraph 12, except refer to the Confidentiality Agreement for a complete and accurate recitation of the contents thereof.

### 3rd Dimension's Intellectual Property

13.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 13.

14.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 14.

15.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 15.

### Respondents' Unlawful Conduct

16.      Deny the allegations of Paragraph 16.

17.      Deny the allegations of Paragraph 17, except admit that Skyward was approached by Global Traffic Network to develop a new traffic application and refer to the proposal to Global Traffic Network for a complete and accurate recitation of the contents thereof.

18.      Deny the allegations of Paragraph 18.

19.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 19.

20.    Deny the allegations of Paragraph 20.

21.    Deny the allegations of Paragraph 21.

22.    Deny the allegations of Paragraph 22, except refer to the Work Order for a complete and accurate recitation of the contents thereof, and state that Petitioner filed a Demand for Arbitration with the American Arbitration Association on October 18, 2007.

**Irreparable Harm**

23.    Deny the allegations of Paragraph 23.

24.    With regard to the allegations of Paragraph 24, Respondents deny the allegations contained in the first sentence, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the second sentence.

25.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 25.

26.    Deny the allegations of Paragraph 26.

27.    Deny the allegations of Paragraph 27.

28.    Deny the allegations of Paragraph 28, except admit that Petitioner requested that the New York State Supreme Court issue a preliminary injunction, and that court has not done so.

29.    Deny the allegations of Paragraph 29, except state that Petitioner filed a Demand for Arbitration against Respondents with the American Arbitration Association on October 18, 2007.

30.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 30, except state that the parties appeared before the

Honorable Herman Cahn, Justice, New York State Supreme Court, on October 16 and October 18, 2007, in connection with Petitioner's application for a temporary restraining order and preliminary injunction.

### FIRST CAUSE OF ACTION
### (Preliminary Injunction in Aid of Arbitration)

31.    Respondents repeat and reallege Paragraphs 1 through 30 of this Answer, as if fully set forth herein.

32.    Deny the allegations of Paragraph 32, except state that Skyward Mobile, SkyMobilnet, Inc., and Petitioner entered into the Confidentiality Agreement, and refer to the Confidentiality Agreement for a complete and accurate recitation of the contents thereof.

33.    Deny the allegations of Paragraph 33.

34.    Deny the allegations of Paragraph 34.

35.    Deny the allegations of Paragraph 35.

36.    Deny the allegations of Paragraph 36.

### SECOND CAUSE OF ACTION
### (Preliminary Injunction In Aid Of Arbitration)

37.    Respondents repeat and reallege Paragraphs 1 through 36 of this Answer, as if fully set forth herein.

38.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 38.

39.    Deny the allegations of Paragraph 39.

40.    Deny the allegations of Paragraph 40.

41.    Deny the allegations of Paragraph 41.

42.    Deny that Petitioner is entitled to the relief requested in Paragraph 42.

43.    Deny that Petitioner is entitled to the relief requested in Paragraph 43.

44.     Deny that Petitioner is entitled to the relief requested in Paragraph 44.

## FIRST AFFIRMATIVE DEFENSE

45.     The Petition fails to state a basis upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

46.     Petitioner's purported claims against De Bonet fail to state a basis upon which relief may be granted and are not properly before this Court because De Bonet is not a party to the Work Order or the Confidentiality Agreement.

## THIRD AFFIRMATIVE DEFENSE

47.     Petitioner is not entitled to injunctive relief because Petitioner's sole and exclusive remedy for breach of the Work Order, including its exhibits, in law and equity is damages.

## FOURTH AFFIRMATIVE DEFENSE

48.     Petitioner is not entitled to injunctive relief because Petitioner cannot show a likelihood of success on the merits, irreparable harm or the balance of the harms in its favor; or that Petitioner's potential damages award would be ineffectual.

## FIFTH AFFIRMATIVE DEFENSE

49.     Petitioner's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

50.     Petitioner's claims are barred by its failure to use its best efforts to settle any and all disputes without resort to arbitration and litigation in violation of the Work Order.

## SEVENTH AFFIRMATIVE DEFENSE

51.     Petitioner's claims are barred by its failure to compensate Skyward Mobile in full for its Services pursuant to the Work Order.

## EIGHTH AFFIRMATIVE DEFENSE

52.     Petitioner's claims are barred because it has not been damaged by Respondents.

## NINTH AFFIRMATIVE DEFENSE

53.     Petitioner's claims are barred under the doctrines of waiver, estoppel, and laches.

## TENTH AFFIRMATIVE DEFENSE

54.     Respondents hereby give notice that they will rely on such other and further defenses as may become apparent during the course of this proceeding.

WHEREFORE, Respondents respectfully request that the Court:

A.      Dismiss the claims asserted in Petitioner's Petition in their entirety;

B.      Deny Petitioner's request for a preliminary injunction or any further temporary injunctive relief;

C.      Dissolve the temporary restraining order issued by the Honorable Herman Cahn, Justice, Supreme Court of the State of New York, on October 16, 2007; and

D.     Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 5, 2007

COOLEY GODWARD KRONISH LLP

By: _____
        William O'Brien (WO-5276)
        Scott J. Pashman (SP-7620)

1114 Avenue of the Americas
New York, New York 10036-7798
Phone: (212) 479-6610
Fax: (212) 479-6275

OF COUNSEL:
Robert B. Lovett (to be admitted pro hac
vice)
Meghan M. Hart (to be admitted pro hac
vice)
The Prudential Tower
800 Boylston Street, 46th Floor
Boston, Massachusetts 02199
Phone: (617) 937-2300
Fax: (617) 937-2400

*Attorneys for Respondents Skyward Mobile,
LLC and Jeremy De Bonet*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document entitled *Answer to Petition For Preliminary Injunction In Aid of Arbitration*, dated November 5, 2007, was served on November 5, 2007, via the Court's ECF system upon Petitioner's counsel:

> Palmina M. Fava
> DLA Piper US LLP
> 1251 Avenue of the Americas
> New York, New York 10020
> palmina.fava@dlapiper.com

I further certify that a copy of the foregoing document entitled *Answer to Petition For Preliminary Injunction In Aid of Arbitration*, dated November 5, 2007, was served on November 5, 2007, by first class mail, postage prepaid, upon Petitioner's counsel:

> Christine M. Jaskiewicz
> DLA Piper US LLP
> 1251 Avenue of the Americas
> New York, New York 10020

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2007

_Scott J. Pashman_
Scott J. Pashman